## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **THE HERTELL GROUP, LLC**<br><br>    **Plaintiffs,**<br><br>**vs.**<br><br>**LIFE TIME ENERGY SOLUTIONS, CORP., FLEXTECH CORP., AGRO-NOL, CORP., and JOSÉ HUMBERTO TORRES, in his official and personal capacity**<br><br>    **Defendants.** | **CIVIL NO.**<br><br>**COLLECTION OF MONEY**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**TO THE HONORABLE COURT:**

Comes now Plaintiff, The Hertell Group, LLC, through its undersigned counsels and very respectfully states, alleges and prays as follows:

### *JURISDICTION AND VENUE*

1.    This is a diversity action in damages arising out of events which occurred in San Juan, Puerto Rico.  Said events commenced on May 14, 2008 and still continue as of the time of filing this action as a result from the Defendant's intentional breach of certain contractual obligations.

2.    This Honorable Court has jurisdiction over the parties and subject matter of this litigation based on diversity of citizenship pursuant to Section 1332 of Title 28 of the United States Code, given the parties complete diversity of citizenship and being the amount in controversy in excess of $75,000.00, exclusive of interests and costs.

3.    Venue over this action properly lies in this Honorable Court pursuant to 28 USC §1391.

### THE PARTIES

4.      The Plaintiff, The Hertell Group, LLC ("THG"), is a Limited Liability Company with legal capacity to sue and be sued, organized and/or existing under the laws of the State of Delaware, with current principal place of business at 1001 Connecticut Ave. NW Suite 300, Washington DC 20036.

5.      The Defendants, Lifetime Energy Solution Corp., Flex-Tech Corp., and Agro-Nol, Corp. (collectively "LES"), to the best of our knowledge and believe, at all times relevant hereto, are corporations with legal capacity to sue and be sued, organized and/or existing under the laws of the Commonwealth of Puerto Rico, with principal places of business at Carr #744-Final Barrio Machete, Antigua Central Machete, Guayama, Puerto Rico.

6.      Defendant José Humberto Torres ("Torres"), to the best of our knowledge and believe, at all times relevant hereto, is the President and sole stock holder of LES, and resident of the Commonwealth of Puerto Rico.

7.      Defendants Insurance Corporations X, Y, and/or Z are corporations and/or ventures with legal capacity to sue and be sued, organized and/or existing under the laws of the Commonwealth of Puerto Rico or any of the states of the United States whose identities are unknown at the time of the filing of this Complaint.  For the time being are identified as X, Y, and/or Z and made parties to the same, since they were, at the time of the occurrence of the events that give rise to the cause of action in this Complaint, the insurers of any or all the defendants, having covered these individuals and entities for the eventuality of the prosecution of claims such as the present ones.

### FACTS

8.      LES was organized the 16th of June 2006, to engage in the production, distribution and selling of Ethanol to governmental agencies.  Its objective was to establish the first Ethanol Plant in Puerto Rico.  However, to finance such project, LES required funding for which it made an approach to certain investors.

9.     On or about the year 2008, a common party to LES and THG, Mr. Joseph Fuentes, approached THG to invest in LES' project in order to raise the necessary funds to start the operations.

10.    On May 14th 2008, THG and LES entered into and signed a Memorandum of Understanding and Non Disclosure Agreement ("Agreement"). Pursuant to said Agreement, THG would buy 100% of the common stocks of LES, including its affiliates, for the sum of $7 million dollars.

11.    THG agreed to make an initial deposit in the amount of $135,000.00.  Of said amount seventy five thousand dollars ($75,000.00) would be payable to Torres personally and sixty thousand dollars ($60,000.00) would be deposited in an escrow account to be used solely for operational expenses of LES.  In exchange, according to the Agreement, Torres agreed to assign and provide a pledge of the common stocks of LES and that he would not trade, collateralize or negotiate in anyway any of the outstanding common stocks of LES and all patents, permits, licenses and similar would have to remain assets of LES.

12.    However, such deposit of one hundred and thirty five thousand dollars would have to be reimbursed to THG if the purchase of stock was not consummated on or before August 15th 2008.

13.    In accordance with the Agreement either party could terminate it upon giving the other a thirty (30) days written notice of its intention to terminate.  On June 23rd 2008 Torres and LES through their legal counsel informed THG of its intention to terminate the Agreement, effective as of July 23, 2008.  Accordingly, they informed THG of their intention to return all proprietary documents and materials, and the seventy five thousand dollar ($75,000.00) deposit.  No mention was done regarding the rest sixty thousand dollar ($60,000.00) deposit.

14.    At all relevant times hereto, LES and Torres were aware of the fact that they had to return the whole one hundred and thirty five thousand dollar ($135,000.00)

deposit to THG.  In fact, on or about November 2008 the parties met at the offices of THG's legal counsel to establish the procedures to take to terminate the Agreement and LES and Torres agreed that such sum in deposit had to be reimbursed in its totality.

15.    THG and THG's counsel called and wrote communications to Torres in several occasions to discuss the refund of the established amounts, but their efforts have been fruitless.

## COUNT I-COLLECTION OF MONEY

16.    The Plaintiff re-alleges and incorporates by reference as if ser forth fully herein paragraphs one (1) through fifteen (15) of this Complaint.

17.    Plaintiff has requested from Defendants on several occasions the reimbursement of the amount of one hundred and thirty five thousand dollars ($135,000.00) that was paid to Torres and LES as a deposit.  Despite these good faith efforts made by Plaintiff, a year has passed and Defendants have failed to immediately pay the full amount under their control.

18.    As of this date, there is no reason that justifies the retention of the above-mentioned amount by Defendants.

19.    As a result of Defendants' acts, Plaintiff has suffered, and continues to suffer, economic damages.  The exact amount of these damages is reasonably believed to exceed the amount of one hundred and thirty five thousand dollars ($135,000.00) plus interests.

## REQUEST FOR RELIEF

The Plaintiff hereby demands and seeks that judgment be entered in favor of themselves, and against defendants, as follows:

1.      For declaratory judgment conceding the rescission of the Memorandum of Understanding and Non Disclosure Agreement and all other oral or written contracts that may exist between Plaintiff and co-defendants;

2.      For the immediate refund to THG of the amount of $135,000.00 currently illegally retained by Defendants LES and Torres;

3.      For interest on the above amount illegally retained by Defendants from the date on which the amount of money was illegally retained;

4.      For all reasonable costs and expenses incurred by Plaintiff in relation to this civil action, plus all reasonable attorney's fees and costs; and

5.      For such other and further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands that this matter be tried before a jury.

Respectfully submitted.

In San Juan, Puerto Rico, this 28th day of January 2010.

/s/Myra Vélez-Plumey
**MYRA M. VELEZ-PLUMEY**
**USDC-PR NO.223812**
Po Box 9023905
San Juan, PR 00902-3905
Tel. (787) 977-3772 / Fax (787) 977-3773
E-Mail:  myra_velez@hotmail.com